LAWYERS FOR JUSTICE

November 4, 2026

**VIA ECF**

Hon. Orelia E. Merchant
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Saintillien v. Propark America New York LLC, et al.*, No. 26-cv-6404 (OEM)(PK)

Dear Judge Merchant:

We represent Plaintiff Jean Saintillien ("Plaintiff") in the above-referenced matter. Pursuant to Rule III(B)(2) of Your Honor's Individual Rules and Practices, we write in response to the October 13, 2026 letter of Defendants Propark America New York, LLC, Propark, LLC, and Propark Executive Management Company, LLC ("Defendants") requesting a pre-motion conference on their anticipated motion to dismiss and compel arbitration (ECF No. 5). Plaintiff opposes the anticipated motion. Defendants cannot carry their burden of proving that Plaintiff and Defendants formed an agreement to arbitrate, and the handbook policy they invoke is, in any event, unenforceable.

**Background**

Plaintiff worked as an hourly, non-exempt valet at Defendants' Brooklyn location from approximately June 2024 to approximately January 2026. To compel arbitration, Defendants rely not on a standalone arbitration agreement, but on Section Ten of a 64-page Employee Handbook and a one-page "Employee Handbook Acknowledgement" that Plaintiff allegedly signed electronically on June 21, 2024. Neither document establishes an enforceable agreement to arbitrate, for the reasons discussed below.

**I. Defendants Cannot Establish a Valid Agreement to Arbitrate**

The first question under the framework Defendants cite is "whether a valid agreement to arbitrate exists." *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 221-22 (2d Cir. 2019). Formation is governed by ordinary state contract principles, and the party seeking to compel bears the burden of proving an agreement by a preponderance of the evidence. *Reiner v. Paneth*, 808 F. Supp. 3d 431, 449-50 (E.D.N.Y. 2025). Defendants cannot meet that burden here.

First, the document containing the arbitration policy disclaims any contractual effect. The Handbook states that it "is not intended to be an employment contract (express or implied), for initial or continued employment, nor it is [sic] intended to otherwise create any legally enforceable

obligations on the part of the Company." The Acknowledgement Plaintiff signed likewise provides that "the Company can change any and all policies or practices at any time," and that the at-will provision "is the sole and entire agreement between the Company and I concerning the duration of my employment" and "supersedes all prior agreements, understandings and representations concerning my employment."

As a matter of ordinary New York contract law, any unresolved ambiguity between that disclaimer and Section Ten's statement that the policy "constitutes a binding contract" must be construed against Propark as drafter. *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003). Moreover, this District has specifically declined to enforce arbitration provisions embedded in handbooks that disclaim contractual intent. In *Meeg v. Heights Casino*, No. 17 Civ. 4059, 2020 WL 1493658, at *4-5 (E.D.N.Y. Mar. 27, 2020), the Court denied a motion to compel arbitration because the employer's own expressed intent that the handbook was "informational only" and created "no contractual rights or obligations" precluded a finding that the parties mutually agreed to enter into a binding arbitration agreement. The same reasoning applies here: Defendants expressly disclaimed legally enforceable obligations in the Handbook yet seek to enforce its arbitration policy as a binding contract. The acknowledgment's acceptance language does not eliminate that contradiction and must be read together with the disclaimer.

Additionally, at minimum, there are genuine disputes of fact regarding whether Plaintiff had reasonable notice of and manifested assent to arbitration through a rushed, phone-based click-through process that he did not understand. These circumstances warrant limited discovery concerning notice and assent. If a genuine dispute of material fact remains after discovery, a trial on formation is required. Plaintiff recalls that he was required to complete his onboarding paperwork on his phone, the night before he was due to report for his first day of work for Defendants. Specifically, Plaintiff completed the paperwork while on a phone call with a Human Resources representative for Defendants, who guided Plaintiff through clicking and typing his name on each document so that he could report to a newly opened location the next day; the representative did not explain the contents of what he was signing, and Plaintiff does not recall receiving the handbook or being told that it contained an arbitration provision.

In *Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377 (S.D.N.Y. 2002), the court found procedural unconscionability where employees received no more than fifteen minutes to review a sixteen-page, single-spaced agreement, among other circumstances that deprived the plaintiff of a meaningful choice. Here, Plaintiff had a similar amount of time to review, at *minimum*, a 64-page employee handbook in which the arbitration clause is buried in Section 10, and likely many other documents; Defendants' refusal to disclose what other documents Plaintiff signed at the time of signing the handbook acknowledgement leaves Plaintiff without certainty on the exact number of pages he had to review in the short timeframe of the phone call with Defendants' HR representative. The limited opportunity to review the documents, combined with the circumstances of the phone-based onboarding process, supports a finding of procedural unconscionability.

LAWYERS FOR JUSTICE

**II. The Unilateral Modification Provision Renders the Arbitration Agreement Unconscionable**

Even if a contract were formed, Section Ten permits Propark to "amend, modify or terminate this Agreement at any time, with or without advanced notice," with the sole limitation that changes do not apply to arbitrations "already initiated." The Handbook further reserves Propark's right to "modify, supplement, rescind or revise any provisions of this manual, other than the employment-at-will provisions," in its discretion. Protecting only arbitrations already initiated does not cure the provision's unfairness: Defendants retain unilateral authority to change the rules governing accrued disputes until arbitration begins. Together with the circumstances surrounding execution, that authority renders the agreement unconscionable. *See Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377, 383-84 (S.D.N.Y. 2002).

**III. Defendants' Request for Attorneys' Fees Is Baseless**

Defendants' own authority describes fee awards as appropriate only where "the party refusing arbitration acted without justification or did not have a reasonable chance to prevail." *Amaprop Ltd. v. Indiabulls Fin. Servs.*, 2011 U.S. Dist. LEXIS 27035, at *8 (S.D.N.Y. Mar. 16, 2011). Plaintiff's opposition rests on the plain text of Defendants' own documents. Moreover, Plaintiff's counsel responded to Defendants' demand to arbitrate by requesting additional records needed to evaluate the enforceability of a purported arbitration agreement, a reasonable step that does not warrant sanctions.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants leave to file the proposed motion or, alternatively, set a briefing schedule that permits limited discovery on contract formation, including the electronic onboarding records and signature audit trail, the version of the Handbook presented to Plaintiff, and the identity of the contracting entity, before Defendants' motion is due.

We thank the Court for its time and continued attention to this matter.

Respectfully submitted,

*/s/ Breanna Small*
Breanna Small, Esq.

cc: All Counsel of Record (via ECF)